ELECTRONICALLY FILED - 2020 Jan 08 1:44 PM - ANDERSON - COMMON PLEAS - CASE#2020CP0400048

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) <br> COUNTY OF ANDERSON ) <br> ) <br> SHARON W. FIELDS, AS PERSONAL ) <br> REPRESENTATIVE FOR THE ESTATE OF ) <br> JAMES W. FIELDS III, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> CRANE TRANSPORT, LLC AND STANLEY ) <br> HART, Individually, ) <br> ) <br> ) <br> Defendants. ) | IN THE COURT OF COMMON PLEAS <br> FOR THE TENTH JUDICIAL CIRCUIT <br> <br> Civil Action No.: 2020-CP-_____ <br> <br> <br> <br> **SUMMONS** <br> (Jury Trial Requested) |

YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer to the said Complaint on the subscriber at their office at 3 Morris Street, Suite A, Charleston South Carolina 29403 within thirty (30) days after the service hereof, exclusive of the day of such service; and, if you fail to appear and defend by filing an Answer to the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Complaint.

MCLEOD LAW GROUP, LLC
3 Morris Street, Suite A
Charleston, SC 29403
Tel. 843-277-6655
Fax 843-277-6660

*s/ W. Mullins McLeod, Jr.*
W. Mullins McLeod, Jr. (14148)
H. Cooper Wilson, III
Colin V. Ram
mullins@mcleod-lawgroup.com

**THOMAS AND PRACHT, LLP**

Christopher Pracht (77543)
303 E Greenville Street
Anderson, SC 29621
Tel: 864-712-7317

*Attorneys for the Plaintiff*

January 8, 2020
Charleston, SC



| | |
|---|---|
| STATE OF SOUTH CAROLINA )<br>COUNTY OF ANDERSON ) | IN THE COURT OF COMMON PLEAS<br>FOR THE TENTH JUDICIAL CIRCUIT |
| )<br>SHARON W. FIELDS, AS PERSONAL )<br>REPRESENTATIVE FOR THE ESTATE OF )<br>JAMES W. FIELDS III, )<br>) | Civil Action No.: 2020-CP-_____ |
| Plaintiff, )<br>v. )<br>) | **COMPLAINT**<br>(Jury Trial Requested) |
| CRANE TRANSPORT, LLC AND STANLEY )<br>HART, Individually, )<br>)<br>)<br>Defendants. ) | |

ELECTRONICALLY FILED - 2020 Jan 08 1:44 PM - ANDERSON - COMMON PLEAS - CASE#2020CP0400048

Plaintiff, Sharon W. Fields III, as Personal Representative of the Estate of her late husband, James W. Fields, complaining of the above-named Defendants alleges and shows as follows:

**JURISDICTION AND VENUE**

1. Plaintiff Sharon W. Fields is the duly appointed Personal Representative of the Estate of her late husband James W. Fields III who was killed on September 19, 2019 in a collision that occurred on Interstate I-85 in Anderson County, State of South Carolina. Plaintiff is the duly appointed Personal Representative of her late husband's estate and has authority to bring all claims asserted herein.

2. Plaintiff brings this wrongful death action on behalf of Decedent's beneficiaries under the South Carolina Wrongful Death Act, S.C. Code § 15-51-10 et seq. and further brings this survival action on behalf of the Decedent's Estate under S.C. Code § 15-5-90. At all times relevant hereto the Plaintiff and her late husband were residents of Greenville County, State of South Carolina. Plaintiff's Certificate of Appointment from the Greenville County Probate Court is attached hereto as ***Exhibit 1.***

3. Defendant Crane Transport, LLC is upon information and belief a trucking company organized in the State of Georgia with its principal place of business located in Oakwood, Georgia.

4. Plaintiff is further informed and always believes that relevant hereto, Defendant Crane Transport, LLC performs trade, traffic and/or transportation across multiple state lines within the United States including within Anderson County and does so as a for-profit commercial enterprise.

5. Defendant, Stanley Hart was at all times relevant hereto a commercial truck driver employed by Defendant Crane who is a resident of the State of Georgia whose tortious conduct in Anderson County caused the injuries and death alleged. Further, Defendant Hart was at all times relevant hereto a motor carrier driver pursuant to 49 C.F.R. Part 392.3, 49 C.F.R. Part 395.1 to 395.8 and S.C. Code Ann. § 56-5-90.

6. This suit arises out of a commercial truck collision that occurred on September 19, 2019 in Anderson County, State of South Carolina.

7. This Court has personal jurisdiction over the parties hereto, subject matter jurisdiction over the claims asserted herein, and venue is proper in Anderson County.

## FACTUAL ALLEGATIONS

8. Prior to September 19, 2019 James Fields lived a purpose driven life as a husband, father, pastor and friend.

9. Throughout his adult life and up until his death Mr. Fields worked hard to provide for his loving wife Sharon and his daughters Dynestee, Triniti and Jeressa as well as for his son Joshua.

ELECTRONICALLY FILED - 2020 Jan 08 1:44 PM - ANDERSON - COMMON PLEAS - CASE#2020CP0400048

10. At approximately 2:45 am on September 19, 2019 Mr. Fields was killed in a traffic collision and as a result his family and statutory beneficiaries have suffered the worst form of loss: human loss.

11. On September 19, 2019 at approximately 2:45 am James Fields was lawfully operating a tractor trailer on behalf of a small trucking company (Quality Express LLC) located in Piedmont, S.C. At all times relevant hereto, Quality Express, LLC was a fully licensed, bonded and insured freight forwarding business operating in good standing with the United States Department of Transportation.

12. Further and at all times relevant hereto Mr. Fields was a qualified, capable and reliable truck driver whose commercial driver's license ("CDL") was in good standing with the State of South Carolina and in compliance with the Commercial Motor Vehicle Safety Act of 1986.

13. In the early morning hours on September 19, 2019 Mr. Fields was traveling South on Interstate I-85 which is part of the National System of Interstate and Defense Highways and which is a controlled access roadway under state and federal law.

14. Unbeknownst to Mr. Fields Defendant Hart had created a hazardous condition near mile marker 27 by parking his tractor trailer for non-emergency reasons partially in the emergency lane on I-85 and in a manner that precluded other motorists from safely passing his parked truck within their lawful right of way.

15. Further and upon information and belief, Defendant Hart parked the truck in a manner that posed an unreasonable risk of harm to other motorists and Mr. Fields more particularly.

16. Further and in addition to parking on the interstate for non-emergency reasons Defendant Hart failed to use any safety or warning signals or devices to alert motorists to the hazardous condition then and there existing.

ELECTRONICALLY FILED - 2020 Jan 08 1:44 PM - ANDERSON - COMMON PLEAS - CASE#2020CP0400048

17. As a result, as Mr. Fields approached mile marker 27 located in Anderson County, he had no warning, could not see and could not recognize the impending hazard which caused the collision complained of herein and caused Mr. Fields' pre-mature and wrongful death.

## FOR A FIRST CAUSE OF ACTION
(Negligence/Negligence Per Se Against All Defendants)

18. Plaintiff realleges and reincorporates all allegations contained above as if fully set forth herein verbatim.

19. At all times relevant hereto and upon information and belief, Defendant, Stanley Hart, was an employee, agent and legal representative of Defendant Crane Transport, LLC and was at all times acting within the course and scope of his employment operating a large commercial truck on behalf of his employer.

20. As such and because Defendant Hart was at all times relevant hereto acting while in the service of his employer, Defendant Crane Transport, LLC is legally responsible for the negligent and grossly negligent acts and/or omissions committed by Defendant Hart and which proximately caused the death of the Plaintiff's late husband.

21. Plaintiff is informed and believes at all times relevant hereto Defendant Crane Transport, LLC owned the commercial truck operated by Defendant Hart bearing Vehicle Identification Number 1XKYDP9X3H3HJ163249 and operated under license plate number C246CF issued by the State of Georgia.

22. On September 19, 2019 Defendants operated the afore-mentioned tractor trailer on the interstate highway system in Anderson County, State of South Carolina and more particularly, Interstate I-85 and failed to comply with the statutory and common law of the State of South Carolina and the regulations promulgated by Congress in the FMCSR.

ELECTRONICALLY FILED - 2020 Jan 08 1:44 PM - ANDERSON - COMMON PLEAS - CASE#2020CP0400048

ELECTRONICALLY FILED - 2020 Jan 08 1:44 PM - ANDERSON - COMMON PLEAS - CASE#2020CP0400048

23.     Plaintiff is informed and believes that for reasons not yet known but for reasons wholly unrelated to the transportation of cargo and/or for the unloading of same Defendants caused the tractor trailer to be parked after midnight on Interstate I-85 near the intersection of Highway 81 and Liberty Highway in Anderson County.

24.     Plaintiff is informed and believes that Defendants acts and omissions in stopping the tractor trailer for non-emergency reasons and for parking the tractor-trailer on part of the interstate highway system for reasons unrelated to avoiding other traffic or to comply with the directions of a police officer or a traffic control signal was constituted an improper use of Interstate I-85 which could not have been foreseen by Decedent.

25.     Further, Plaintiff is informed and believes that Interstate I-85 is considered a controlled access highway pursuant to S.C. Code Ann. § 56-5-613 and as such Defendants were prohibited from stopping, standing or parking the tractor trailer on any portion of the highway including its emergency lane pursuant to S.C. Code Ann. § 56-5-2530.

26.     At all times relevant hereto Defendants owed Plaintiff a duty of due care and caution that a reasonable person would have exercised under like or similar circumstances then and there prevailing and to operate the commercial vehicle as required by the Federal Motor Carrier Safety Regulations ("FMCSRs") which sets forth minimum standards for those who operate commercial motor vehicles across interstate lines as well as the statutory and common law of the State of South Carolina.

27.     Further and upon information and belief Defendants parked the tractor trailer in an unsafe manner and failed to exercise even the slightest care to ensure the tractor trailer posed no risk of harm to other motorists traveling on Interstate 85 including Decedent.

28. Despite the legal obligations Defendants owed to Decedent, Defendants breached these duties and acted in a negligent, careless, willful, wanton, reckless and grossly negligent manner causing the personal injuries and death in the following particulars:

   a. Failing to obey posted traffic control devices;

   b. Failing to provide an unobstructed width of the highway opposite the parked tractor trailer to ensure safe passage of other vehicles;

   c. Failing to provide a clear view of the tractor trailer for a sufficient distance to enable motorists to detect its presence;

   d. Failing to employ flashing lights, hazards or other warning devices to alert other motorists;

   e. Failing to ensure their tractor-trailer did not pose a risk of harm to other third parties and Decedent more particularly;

   f. Failing to operate the commercial vehicle in the manner required by the FCMSRs, the statutory laws of South Carolina and the professional standards then and there prevailing;

   g. Failing to maintain a proper look out;

   h. By occupying a portion of the Interstate Highway System designated for emergency purposes for reasons wholly unrelated to a vehicle or mechanical emergency;

   i. By stopping, standing and parking in a prohibited area in violation of S.C. Code Ann. § 56-5-2530;

   j. By operating the tractor trailer in violation of S.C. Code Ann § 56-5-4610; S.C. Code Ann § 56-5-4630; S.C. Code Ann § 56-5-4640 and S.C. Code Ann § 56-5-

ELECTRONICALLY FILED - 2020 Jan 08 1:44 PM - ANDERSON - COMMON PLEAS - CASE#2020CP0400048

4640; S.C. Code Ann § 56-5-4640; S.C. Code Ann. § 5060 and S.C. Code Ann. § 56-5-5080, S.C. Code Ann. § 565-5-5130;

k.  Failing to use the degree of care and caution that a reasonably prudent person would have used under the circumstances then and there prevailing;

l.  Such other and further particulars as the evidence at the trial may show.

29.  As a result of the foregoing Defendants acts and/or omissions were negligent and negligent per se.

30.  The Decedent, James W. Fields, was at all times relevant hereto acting in a reasonably prudent and careful manner and was operating his tractor-trailer with due care and was within his lawful rights as a motorist on Interstate 85.

31.  Despite Decedent's exercise of due care Decedent through no fault of his own unable to detect the Defendants parked tractor trailer due and therefore collided with the Defendants parked tractor trailer causing significant personal injuries as a result of the collision and subsequently died.

32.  The collision, injuries, and damages described in this Complaint were the direct, foreseeable and proximate result of the negligent and careless, and willful, wanton, reckless, and grossly negligent acts or omissions of Defendant Hart, who was a permissive user of the commercial vehicle and was acting in the course and scope of his employment, agency, and representation.

33.  Due to the willful, wanton, reckless, grossly negligent, and negligent acts of Defendants as set out above, as well as his violation of state law, Plaintiff is entitled to recover actual and punitive damages, jointly and severally, as determined by a jury.

**FOR A SECOND CAUSE OF ACTION**
**AGAINST CRANE TRANSPORT, LLC**
(Negligent Entrustment)

ELECTRONICALLY FILED - 2020 Jan 08 1:44 PM - ANDERSON - COMMON PLEAS - CASE#2020CP0400048

34. Plaintiff realleges and reincorporates the paragraphs above as if fully set forth herein verbatim.

35. Defendant Crane Transport LLC is a large trucking company that operates upon information and belief more than 1,000 combined tractors and trailers across the United States and upon the public highways.

36. Because Crane Transport LLC owns and has control of the foregoing commercial tractors and trailers, they owe other motorist in particular and Decedent more particularly a duty to exercise due care in determining who they entrust the commercial trucks to in the furtherance of their for-profit operation.

37. More particularly, Crane Transport, LLC owed Decedent a duty to refrain from negligently entrusting the tractor trailer involved in the afore-mentioned collision to a driver who posed an unreasonable risk of harm to others or who it knew or should have known was not properly trained and/or incapable of operating his vehicle in a manner required by the Federal Motor Carriers Safety Regulations (the "FMCSR") and state law.

38. Defendant Crane Transport, LLC violated its duty to exercise reasonable care by entrusting the commercial vehicle involved in the collision that took Decedent's life to Defendant Stanley Hart despite knowing that he lacked proper training and experience and posed a risk of harm to other motorists in general and Decedent more particularly.

39. As a direct, foreseeable and proximate result of the negligent, grossly negligent, reckless, willful and wanton acts and omissions of Defendant Crane Transport, LLC Plaintiff suffered conscious pain and suffering, physical injury, extreme pain and suffering including mental and emotional anguish and death.

40. Plaintiff is entitled to judgment against Crane Transport, LLC for his above-described injuries and for actual and punitive damages in an amount to be determined by the jury.

## FOR A THIRD CAUSE OF ACTION
(Negligent Hiring, Supervision and Retention)

41. Plaintiff realleges and reincorporates the paragraphs above as if fully set forth herein verbatim.

42. Defendant Crane Transport, LLC owed statutory and common law duties to Decedent in the manner with which it owned and operated its for-profit trucking business including but not limited to refraining from negligently hiring, negligently supervising and/or negligently retaining employees in furtherance of interstate trucking.

43. Defendant Crane Transport, LLC knew or should have known that Defendant Hart was untrained, unable to comply with the FMCSR and state laws and further posed a risk to other motorists on September 19, 2019.

44. Further, Defendant Crane Transport, LLC knew or should have known that Defendant Hart's inexperience and lack of training was evidence that he was unable to comply with the FMCSR and state laws and was therefore a reckless driver.

45. Defendant Crane Transport, LLC failed to properly supervise and train Defendant Hart and allowed him to operate his vehicle without the most basic training in violation of the FMCSR and state law.

46. As a direct, foreseeable, and proximate result of the negligent, grossly negligent, reckless, willful, and wanton acts and omissions of Plaintiff suffered conscious pain and suffering, physical harm and injury, and endured pain and suffering, including mental distress, emotional anguish and death.

47. Plaintiff is entitled to judgment against the Defendants, jointly and severally, for his above-described injuries and for actual and punitive damages in an amount to be determined by the jury.

ELECTRONICALLY FILED - 2020 Jan 08 1:44 PM - ANDERSON - COMMON PLEAS - CASE#2020CP0400048

## FOR A FOURTH CAUSE OF ACTION
### (Wrongful Death Against All Defendants)

48.     Plaintiff realleges and reincorporates the paragraphs above as if fully set forth herein verbatim.

49.     As a result of the above-referenced negligent acts, Decedent suffered conscious pain and suffering, personal injuries and trauma prior to his death.

50.     Further, the Plaintiff is entitled to compensation for funeral expenses and other compensatory damages and is entitled to punitive damages in an amount to be determined by a jury for the matters as alleged herein.

51.     Pursuant to the Death by Wrongful Act, § 15-51-10 et al., South Carolina Code of Laws, Plaintiff alleges entitlement to all of the above-referenced and foregoing causes of action as Personal Representative of the Estate of James W. Fields III and on behalf of all statutory beneficiaries.

52.     The Plaintiff further alleges that as a result of the death of the Decedent, Decedent's beneficiaries have suffered and will suffer pecuniary loss, mental shock and suffering, wounded feelings, grief and sorrow, loss of companionship, deprivation of use and comfort of Decedent's society, all both past and future; and funeral expenses, and other compensatory damages, all to the beneficiaries' actual damages, and further are entitled to punitive damages in an amount to be determined by a jury.

53.     All of the above-referenced acts and/or omissions and/or commissions are in violation of the common laws and statutes of the State of South Carolina, and the Defendants' obligations and duties to the Plaintiff.

## FOR A FIFTH CAUSE OF ACTION
### (Survival Action Against All Defendants)

54.     Plaintiff realleges and reincorporates the paragraphs above as if fully set forth herein verbatim.

ELECTRONICALLY FILED - 2020 Jan 08 1:44 PM - ANDERSON - COMMON PLEAS - CASE#2020CP0400048

55.     As a result of the above-referenced acts, Decedent sustained serious injuries ultimately causing his wrongful death.

56.     Plaintiff alleges that as a result of the above-referenced acts, the Decedent suffered conscious pain and suffering, personal injuries and trauma prior to his death, and Plaintiff is entitled to funeral expenses and other compensatory damages and is entitled to punitive damages in an amount to be determined by a jury.

57.     Pursuant to the Survival of Right of Action, § 15-5-90 et al., South Carolina Code of Laws, the Plaintiff alleges entitlement to all of the above-referenced and foregoing causes of action as a survivor and as the Personal Representative of the Estate of James W. Fields III.

58.     All of the above-referenced acts and/or omissions and/or commissions are in violation of the common laws and statutes of the State of South Carolina, and the Defendants' obligations and duties to the Plaintiff.

59.     Each of these acts and/or omissions and/or commissions proximately caused Mr. Fields' injuries and wrongful death.

60.     As such, the Plaintiff seeks actual and punitive damages to be determined by a jury and such other and further relief as this honorable Court and the jury deems just and proper.

WHEREFORE, Plaintiff prays for the following:

    i.     Judgment against Defendants for actual and punitive damages in an amount to be determined by the jury;

    ii.    For the costs of this action; and

    iii.   For such other and further relief as this court deems just and proper.

JURY TRIAL DEMANDED

*[Signature page to follow]*

ELECTRONICALLY FILED - 2020 Jan 08 1:44 PM - ANDERSON - COMMON PLEAS - CASE#2020CP0400048

**MCLEOD LAW GROUP, LLC**
3 Morris Street, Suite A
Charleston, SC 29403
Tel. 843-277-6655
Fax 843-277-6660

*s/ W. Mullins McLeod, Jr.*
W. Mullins McLeod, Jr. (14148)
H. Cooper Wilson, III
Colin V. Ram
mullins@mcleod-lawgroup.com

**THOMAS AND PRACHT, LLP**

Christopher Pracht (77543)
303 E Greenville Street
Anderson, SC 29621
Tel: 864-712-7317

*Attorneys for the Plaintiff*

January 8, 2020
Charleston, SC